UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GERALD PEAVY,

                    Petitioner,              05-CV-6115T
                                          04-CR-6035T

                        v.                   **DECISION**
                                          **and ORDER**

UNITED STATES OF AMERICA,

                    Respondent.
_____

INTRODUCTION

Gerald Peavy, proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 claiming that his sentence, imposed by this Court pursuant to a plea agreement, was improperly calculated and requests a remand to District Court for re-sentencing based on the Supreme Court case of United States v. Booker, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005).

The government requests that the petition be denied, arguing that United States v. Booker does not apply retroactively.

BACKGROUND

On March 11, 2004, Gerald Peavy was charged in a three count felony indictment: Count One charged him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); Count Two charged him with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 841(b)(1)(c); and Count Three charged him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On July 15, 2004, pursuant to a negotiated written plea agreement and Fed.R.Crim.Pro.11(c)(1)(c), Peavy entered a guilty plea to Count One and Count Two of the indictment in full satisfaction of all charges. On October 15, 2004, the court sentenced Peavy pursuant to the plea agreement to 60 months on Count One and 37 months on Count Two to run consecutively, for a total term of incarceration of 97 months.

On March 15, 2005, petitioner filed this petition to vacate his sentence pursuant to 28 U.S.C. § 2255 requesting that his case be remanded to the District Court for re-sentencing.

DISCUSSION

Soon after the Supreme Court decided United States v. Booker, 125 S.Ct.738, 160 L.Ed.2d 621 (2005), the Second Circuit held that the Booker decision does not apply retroactively in cases where the defendant's conviction was final as of January 12, 2005, the date Booker was issued. See Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005)("We now hold that Booker does not apply retroactively to cases on collateral review....").

Here, Peavy was sentenced on October 14, 2004, almost three months before the Booker decision of January 12, 2005, thus, precluding Booker from application to petitioner's case.

Additionally, the petitioner disputes that his sentence was improperly calculated. Having examined the record in this case, including petitioner's submissions, and the transcript of

petitioner's sentencing, I find that petitioner's sentence was properly calculated. Moreover, Peavy received the sentence he bargained for pursuant to Fed.R.Crim.P. 11(c)(1)(c).

<u>CONCLUSION</u>

Since <u>Booker</u> does not apply retroactively to cases prior to January 12, 2005, petitioner's argument is moot and his petition is denied with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

 

 

S/MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         October 26, 2005